NUMBER 13-08-362-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ZACHARY YANCEY, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela



 Appellant, Zachary Yancey, was indicted for the criminal offense of unauthorized
use of a motor vehicle. See Tex. Penal Code Ann. § 31.07 (Vernon 2006). Yancey pled
guilty and, pursuant to a plea bargain agreement, was assessed punishment at three
years' deferred adjudication. On February 25, 2008, the State filed a motion to revoke
Yancey's probation, alleging that Yancey had committed the offense of robbery. See id.
§ 29.01 (Vernon 2006). After a contested hearing, the trial court adjudicated Yancey guilty,
revoked his probation, and sentenced him to two years' imprisonment. Concluding that
"there are no meritorious issues for appeal," appellant's counsel filed a brief in which he
reviewed the merits, or lack thereof, of the appeal. The State has not filed a brief. We
affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there are no appealable issues for this Court to consider. See Anders v. California,
386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of Anders. See id. at
744-45; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); see also
In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders
brief need not specifically advance 'arguable' points of error if counsel finds none, but it
must provide record references to the facts and procedural history and set out pertinent
legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 
In compliance with Anders, following his review of the Court's file and the transcripts, his
research, and his correspondence with appellant, counsel presented a professional
evaluation of the record including, among other things, a review of grand jury proceedings,
pre-trial motions, research and investigation, competency, sentencing, right to present
evidence during the guilt/innocence and punishment stages, and right to appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812.

 Counsel has informed this Court that he has reviewed the appellate record and
concluded there are no arguable grounds for reversal. He has also informed this Court that
he provided appellant with a copy of the transcripts in his case and notified appellant of his
right to review the record and to file a pro se response to counsel's brief and motion to
withdraw. (1) See In re Schulman, 252 S.W.3d at 409 n.23. More than an adequate period
of time has passed, and appellant has not filed a pro se response. See In re Schulman,
252 S.W.3d at 409; see also Anders, 386 U.S. at 744-45; Stafford, 813 at 509 (Tex. Crim.
App. 1991); High, 573 S.W.2d at 813.


II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. In accordance with Anders, appellant's
attorney has asked this Court for permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery
v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an
attorney believes the appeal is frivolous, he must withdraw from representing the appellant. 
To withdraw from representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations
omitted)). We grant his motion to withdraw. Within five days of the date of this Court's
opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and
to advise appellant of his right to file a petition for discretionary review. (2) See Tex. R. App.
P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d
670, 673 (Tex. Crim. App. 2006). 


 

 ROSE VELA

 Justice



Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of March, 2009. 

 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.